IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICK MCGRATH, individually and on behalf of others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>Shout! Factory, LLC,<br><br>   Defendant. | Civil Action Case No.<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff, Patrick McGrath ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned counsel, brings this class action against Defendant, Shout! Factory, LLC (hereinafter "Defendant"), and alleges as follows:

### INTRODUCTION

1. Plaintiff, Patrick McGrath, brings this Class Action Complaint against Defendant Shout! Factory, LLC ("Defendant"), on his own behalf and on behalf of other similarly situated individuals, to obtain relief for Defendant's knowing disclosure of their personally identifiable information ("PII") and prerecorded DVD viewing activity to third parties in violation of the Video Privacy Protection Act ("VPPA"), Specifically, Defendant uses third-party code to track prerecorded DVDs its customers purchase and sends that data to its third-party code vendors along with customers' PII, all without its customers' valid consent. Plaintiff alleges as follows based on Plaintiff's own personal knowledge, acts, and experiences, and as to all other matters, on information and belief, including an investigation by his attorneys.

### NATURE OF THE ACTION

2. Defendant is an entertainment company that specializes in selling classic and cult films, television shows, and animation in DVD format on its website https://shoutfactory.com.

3. In addition, Defendant has knowingly installed pixels and other tracking technologies on its website developed by third party advertisers. These tracking technologies capture the PII of Defendant's customers relating to specific videos that Defendant's customers have purchased and disclose such PII to the third-party developers, all without the customers' informed, written consent.

4. In direct contravention of the protections afforded by the VPPA, Defendant discloses to third-party companies its customers' PII without first obtaining their written consent. Accordingly, Plaintiff brings this action on behalf of himself and other of Defendant's customers who purchased a DVD and whose PII Defendant unlawfully disclosed.

5. Plaintiff seeks an order enjoining Defendant from further unauthorized disclosure of consumers' PII, awarding damages consistent with the VPPA, and awarding reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2) because: (1) there are 100 or more putative Class Members, (ii) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because Plaintiff and Defendant are citizens of different states.

7. This Court may assert personal jurisdiction over Defendant because Plaintiff's cause of action arises out of Defendant's contacts with the state of Illinois. Defendant has

purposefully availed itself of the Illinois marketplace and knowingly placed its DVDs in the Illinois marketplace in an effort to transact business with Illinois residents.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

9. Plaintiff is a resident and citizens of Illinois.

10. Defendant is a Delaware limited liability company with its principal place of business in California.

## FACTUAL ALLEGATIONS

11. The genesis of the VPPA was President Ronald Reagan's nomination of Judge Robert Bork to the United States Supreme Court. During the confirmation process, a movie rental store shared Judge Bork's rental history with the Washington City Paper, which then published it. Congress responded by passing the VPPA, with an eye toward the digital future. As Senator Patrick Leahy, who sponsored the Act, explained:

> It is nobody's business what Oliver North or Robert Bork or Griffin Bell or Pat Leahy watch on television or read or think about when they are home. In an area of interactive television cables, the growth of computer checking and check-out counters, of security systems and telephones, all lodged together in computers, it would be relatively easy at some point to give a profile of a person and tell what they buy in a store, what kind of food they like, what sort of television programs they watch, who are some of the people they telephone. I think that is wrong.

S. Rep. 100-599, at 5-6 (internal ellipses and brackets omitted).

12. The VPPA generally prohibits the knowing disclosure of information which identifies a consumer as having requested or obtained specific video materials or services. 18 U.S.C. § 2710(b)(1).

13. Defendant owns and operates shoutfactory.com, where it sells DVDs to its customers and then ships the DVDs to the customers.

14. Defendant has also knowingly deployed third-party tracking pixels and other third-party tracking technologies on its shoutfactory.com webpage. Such tracking technology sends customer activity information to third parties, specifically, Meta Platforms, Inc. ("Meta").

15. Defendant programmed such third-party tracking technology into its website for advertising purposes and to increase its profits. Defendant knew that such tracking technology would transmit its customers' activity, including records of which DVDs Defendant's customers purchased, as the entire purpose of implementing such technology is so that Defendant can target advertisements or send marketing emails through the technology's third-party providers.

16. When a customer of Defendant purchases a DVD on its website, Defendant, through the third-party tracking technologies, knowingly incorporates into its webpages, discloses such customers' PII, including emails, and/or IDs associated with Defendant's third-party technology vendors, along with records of the DVD the customer purchased to its third-party tracking vendors.

17. For example, when a customer who is a Facebook user purchases a DVD on Defendant's website, Meta's "Meta Pixel," a tracking technology programmed into Defendant's website code, transmits that information to Facebook along with the customer's Facebook ID. The Facebook ID is a unique identifier assigned to each Facebook user. Typing

www.facebook.com/[customer's Facebook ID] into a web browser permits anyone to find that customer's Facebook account. A Facebook account generally contains a wide range of demographic information about a Facebook user.

18. At no time, however, does Defendant inform its customers that records of their DVD purchase activity and PII will be shared with such third parties "in a form distinct and separate from any form setting forth other legal or financial obligations" of the customer, as VPPA requires. Nor does Defendant seek or obtain customers' informed, written consent to those disclosures.

### PLAINTIFF'S EXPERIENCE

19. In or around 2024, Plaintiff purchased a DVD on Defendant's website.

20. At all relevant times, Plaintiff has been a Facebook user.

21. While Plaintiff purchased a DVD from Defendant's website, Plaintiff Defendant disclosed to third-party tracking vendors, including Meta, records of which specific DVD Plaintiff purchased as well as Plaintiff's PII in the form of his email address (which includes his last name), and Facebook ID.

22. Plaintiff has never given his consent, written or otherwise, to Defendant to disclose such information to third parties.

### CLASS ALLEGATIONS

23. Plaintiff brings this action individually and as representatives of all those similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following defined Classes:

5

**NATIONAL CLASS:** All persons in the United States who purchased DVDs from Defendant and whose personally identifiable information was disclosed by Defendant to any third party during the class period. ("Class")

**ILLINOIS SUBCLASS**: All persons in the State of Illinois who purchased DVDs from Defendant and whose personally identifiable information was disclosed by Defendant to any third party during the class period. ("Illinois Subclass")

24. Subject to additional information obtained through further investigation and discovery, the above-described Class and Illinois Subclass may be modified or narrowed as appropriate.

25. Members of the classes described above are referred to as "Class Members" or members of the "Classes."

26. The following are excluded from the Classes: (1) any judge presiding over this action and members of his or her family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parent has a controlling interest (as well as current or former employees, officers, and directors); (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

27. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiffs' claims can be proven on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

28. **Numerosity - Federal Rule of Civil Procedure 23(a)(1).** The members of the Classes are so numerous that individual joinder of all Class Members is impracticable. On

information and belief, Class Members number in the thousands. The precise number and identity of members of the Classes are presently unknown to Plaintiff but may be ascertained from Defendant's books and records. Class Members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

29. **Commonality and Predominance - Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** Common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting individual members of the Classes. These common questions of law or fact include, but are not limited to:

   a. Whether Defendant knowingly disclosed Class members' personal video viewing information to third parties;,

   b. Whether Defendant knowingly disclosed Class members personally identifiable information to third parties;;

   c. Whether Class members are entitled to damages and equitable relief as a result of Defendant's conduct.

30. Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff on behalf of the other Class Members. Similar or identical statutory violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action.

31. **Typicality - Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the claims of the other Class Members because, among other things, all such claims arise out of the same wrongful course of conduct engaged in by Defendant in violation of law as

complained of herein. Further, the damages of each Class Member were caused directly by Defendant's wrongful conduct in violation of the law as alleged herein.

32. **Adequacy of Representation - Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Classes because Plaintiff is a member of the Classes and Plaintiff's interests do not conflict with the interests of the Class Members Plaintiff seeks to represent. Plaintiff has also retained counsel competent and experienced in complex privacy and class action litigation. Plaintiff and Plaintiff's counsel intend to prosecute this action vigorously for the benefit of all Class Members. Accordingly, the interests of the Class Members will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

33. **Superiority - Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the Class Members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for Class Members to individually seek redress for Defendant's wrongful conduct. Even if Class Members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

**FRAUDULENT CONCEALMENT AND TOLLING**

34. The applicable statutes of limitations are tolled by virtue of Defendant's knowing and active concealment of the facts alleged above. Plaintiff and members of the Classes were ignorant of the information essential to the pursuit of these claims, without any fault or lack of diligence on their own part.

35. At the time the action was filed, Defendant was under a duty to disclose the true character, quality, and nature of its activities to Plaintiff and the Classes. Defendant is therefore estopped from relying on any statute of limitations.

36. Defendant's fraudulent concealment is common to the Classes.

## CAUSES OF ACTION

### COUNT I
### Violations of the Video Privacy Protection Act, 18 U.S.C. 2710
### On behalf of Plaintiff and the Classes

37. Plaintiff, on behalf of himself and all others similarly situated, repeats and re-allege paragraph 1 through 36 as if fully set forth herein.

38. The VPPA The VPPA prohibits a "video tape service provider" from knowingly disclosing "personally-identifying information" concerning any consumer to a third-party without the "informed, written consent (including through an electronic means using the Internet) of the consumer." 18 U.S.C. § 2710(b)(1).

39. A "video tape service provider" is "any person, engaged in the business, in or affecting interstate commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audiovisual materials." Id. § 2710(a)(4). Defendant is a "video tape service provider" because it is engaged in the business of delivering prerecorded audiovisual materials in the form

9

of DVDs that are similar to prerecorded video cassette tapes and those sales affect interstate or foreign commerce.

40. As defined in 18 U.S.C. § 2710(a)(1), a "'consumer' means any renter, purchaser, or subscriber of goods or services from a video tape service provider." As alleged above, Plaintiff and the Class members purchased DVDs, which is prerecorded video content, from Defendant's website. Thus, Plaintiff and the Class members are "consumers" under this definition.

41. As defined in 18 U.S.C. § 2710(a)(3), "'personally identifiable information' includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider."

42. Defendant knowingly disclosed Plaintiff's and the Class members' PII, including their email addresses and/or Facebook IDs or other social networking IDs, to its third-party tracking vendors.

43. This information constitutes personally identifiable information under 18 U.S.C. § 2710(a)(3) because it identified Plaintiff and each Class member to Defendant's third-party vendors as an individual who requested or obtained Defendant's video content, including the specific video materials requested or obtained on Defendant's website.

44. Under the VPPA, "informed, written consent" must be (1) in a form distinct and separate from any form setting forth other legal or financial obligations of the consumer; and (2) at the election of the consumer, is either given at the time the disclosure is sought or given in advance for a set period of time not to exceed two years or until consent is withdrawn by the

consumer, whichever is sooner." *Id.* § 2710(b)(2)(B). Defendant failed to obtain informed, written consent from Plaintiff and the Class members under this definition.

45. In addition, the VPPA creates an opt-out right for consumers. *Id*. §2710(2)(B)(iii). It requires video tape service providers like Defendant to also "provide[] an opportunity for the consumer to withdraw on a case-by-case basis or to withdraw from ongoing disclosures, at the consumer's election." *Id*. Defendant failed to provide an adequate opportunity to opt out as required by the VPPA.

46. Defendant knowingly disclosed Plaintiff's and the Class members' personal viewing information to its third-party tracking vendors. Defendant programmed its third-party vendors' tracking technology into its website code, knowing that those third parties would receive records of which DVDs a customer purchased requested and the customer's PII.

47. By disclosing Plaintiff's and the Classes' personal viewing information, Defendant violated Plaintiff's and the Class members' statutorily protected right to privacy in their video-watching habits.

48. As a result of the above violations, Defendant is liable to Plaintiff and the other Class members for actual damages in an amount to be determined at trial or, alternatively, for "liquidated damages" "not less than $2,500" per violation. *Id*. § 2710(c)(2). Under the statute, Defendant is also liable for reasonable attorney's fees, and other litigation costs, injunctive and declaratory relief, and punitive damages in an amount to be determined by a jury, but sufficient to prevent the same or similar conduct by Defendant in the future. *Id*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter an Order:

a. Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as Class Representative for the Classes, and appointing the undersigned as Class Counsel for the Classes;

b. Adjudging that Defendant's conduct violates the cause of action referenced herein;

c. Finding in favor of Plaintiff and the Classes on all counts herein;

d. An award of statutory damages under the VPPA to the Classes;

e. For punitive damages, as warranted, in an amount to be determined at trial;

f. For prejudgment interest on all amounts awarded;

g. For injunctive relief enjoining Defendant's ongoing misconduct, as the Court deems appropriate; and

h. Awarding Plaintiff and the Classes their reasonable attorneys' fees and other litigation costs reasonably incurred.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all triable issues.

Dated: October 2, 2024 　　　　　　　　　　　　Respectfully submitted,

*/s/ Matthew T. Peterson*
Matthew Peterson
Consumer Law Advocate, PLLC
230 E. Ohio St., Suite 410
Chicago, IL 60611
Tel: (815) 999-9130
mtp@lawsforconsumers.com
ARDC No. 6321290